**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN MASHUE,

      Petitioner,

                              CASE NO. 2:12-CV-13620

v.                            HONORABLE LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

      Respondent.

_____/

<u>**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR GRANT
LEAVE TO APPEAL IN FORMA PAUPERIS**</u>

Steven Mashue, ("Petitioner"), confined at the Kinross Correctional Facility in Kincheloe,

Michigan, seeks the issuance of a writ of habeas corpus, through his attorney Rod O'Farrell,

pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree home invasion,

Mich. Comp. Laws § 750.110a(2), unlawful imprisonment, Mich. Comp. Laws § 750.349b, and

being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons stated below,

the application for writ of habeas corpus is DENIED.

**I. Background**

Petitioner pleaded guilty to the above charges in the Midland County Circuit Court.

Petitioner conspired with his uncle to murder his uncle's wife. Petitioner went to his aunt's home

wearing a mask, dark clothing, and armed with a gun. Once inside the home, Petitioner did not

follow through with his plan due to the presence of his cousin. Petitioner placed his aunt and cousin

in separate rooms, where he tied them up and sexually assaulted his aunt.

Petitioner accepted a plea to first-degree home invasion and unlawful imprisonment. (Tr.

10/26/09, pp. 11-12). In exchange for his plea, the prosecutor agreed that a life sentence would not

be imposed and that Petitioner would receive a minimum sentence of no more than twenty five years on the first-degree home invasion charge. (Tr. 10/26/09, pp. 4-5). Petitioner was sentenced as a fourth felony habitual offender to concurrent sentences of 25-38 years for first-degree home invasion and 12 years 6 months to 18 years, 9 months for unlawful imprisonment.[1] (Tr. 2/4/10, p. 42).

Petitioner's convictions were affirmed on appeal, *People v. Mashue*, No. 301104 (Mich.Ct.App. January 14, 2011); *lv. den.* 489 Mich. 973, 798 N.W.2d 805 (2011).

Petitioner seeks habeas relief on the following ground:

I. The plea offer extended to Petitioner by the prosecutor through appointed counsel after Petitioner requested the assistance of counsel prior to providing assistance to police must be enforced when Petitioner in reliance upon the offer waived his right to silence, provided truthful information and substantially assisted the police in reasonable reliance upon the offer as required by due process of law as guaranteed by the Fifth Amendment to the Constitution of the United States and the Fourteenth Amendment to the Constitution of the United States.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

1. Although the penalty for first-degree home invasion is up to twenty years in prison, *see* Mich. Comp. Laws § 750.110a(5), and the penalty for unlawful imprisonment is up to fifteen years in prison, *see* Mich. Comp. Laws § 750.349b(2), Petitioner was also convicted of being a fourth felony habitual offender. Under Mich. Comp. Laws § M.C.L.A. 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his current felony carries a maximum sentence of five or more years in prison.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

The Michigan Court of Appeals denied Petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."

*Harrington,* 131 S. Ct. at 784.  When a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85.  That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785.

### III. Discussion

Petitioner seeks enforcement of a plea bargain that he alleges was offered when he was charged by the prosecutor.  Petitioner argues that the prosecutor offered and agreed to the following plea agreement:  if Petitioner pleaded guilty to first-degree home invasion and cooperated in the case against his co-defendant, the prosecutor would not seek a life sentence and would dismiss all remaining charges, including the fourth felony habitual offender charge. Petitioner pleaded guilty to first-degree home invasion and unlawful imprisonment, but reserved his right to raise the claim that the prosecutor had agreed to dismiss all but the first-degree home invasion charge and not seek a fourth habitual offender enhancement.

After pleading guilty, but prior to sentencing, Petitioner brought a Motion for Specific Performance of a Plea Agreement.  A hearing was conducted on the motion.  Petitioner's appellate counsel called Leland Burton, Petitioner's trial attorney ("Burton"), as a witness.  Appellate counsel alleged that, during a phone conversation between a prosecuting attorney and Burton, the prosecutor had offered a plea bargain that would allow Petitioner to plead guilty to only the first-degree home invasion charge. (Tr. 10/20/09, p. 7).  Appellate counsel also offered a portion of the transcript from a hearing in *People v Wheeler,* the co-defendant's case, in which assistant prosecutor Angelina Scarpelli ("Scarpelli") argued:

"What [Burton] was told and what was in my mind was that we had [Petitioner] on conspiracy to commit murder. That if he cooperated with us, that we would forego that charge, which we never charged him with that conspiracy to commit murder. That we would - - I had told [Burton] that we would forego asking for life in regards to any charges against [Petitioner]. But at that time, I didn't have a police report. I didn't know what all the charges were that were out there.

(*Id.*, p 9-10, citing *People v Wheeler*, Midland County Circuit Court #09-4143-FC.)

Burton acknowledged that the prosecutor never offered to drop the fourth felony habitual offender charge as part of any plea agreement. Burton also denied telling Petitioner that the fourth felony habitual offender charge would be dismissed. Finally, Burton conceded that he never placed on the record at any hearing, either in Petitioner's case or in the co-defendant's case, that Petitioner would plead guilty to only the first-degree home invasion charge. (*Id.*, pp. 36-38).

Additionally, Petitioner's appellate counsel later admitted that it was unclear at the outset whether or not a habitual offender notice was being included in any plea offer. (*Id.*, p. 44). Scarpelli also indicated that she never offered Petitioner a plea bargain which would allow him to plead guilty only to the first-degree home invasion charge. (*Id.*, p. 52). Instead, Scarpelli stated that, while both sides had discussed plea agreements along those lines, "there was never a meeting of the minds," between Petitioner and the prosecutor on this point. (*Id.*, p. 48).

The trial judge denied Petitioner's motion, finding that there had never been an agreement by both parties that Petitioner would plead guilty to only the first-degree home invasion charge, without the fourth felony habitual offender charge. The judge observed that no written plea agreement had been produced in writing by either party nor had there been any plea agreement placed on the record which provided for Petitioner to plead guilty to only the first-degree home invasion charge. (*Id.,* pp. 60-62).

In reviewing the plea transcript, the Court finds that the trial court's holding as to the terms

5

of the plea agreement was not clearly erroneous.  Absent extraordinary circumstances, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea.  *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986).  Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986).  A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004).

A clear reading of the plea agreement shows that there was no promise by the prosecutor or the trial court that Petitioner would plead guilty only to the first-degree home invasion charge. Other than his own self-serving assertions, the record is devoid of any evidence to support Petitioner's claims.  It is clear that the only plea agreement stated on that record indicated Petitioner would plead guilty to first-degree home invasion and unlawful imprisonment, would receive no more than 25 years on the minimum sentence for the first-degree home invasion charge, and the prosecution would not seek a life sentence.  There was no agreement to drop the fourth felony habitual offender charge.

Further, the Court finds that Petitioner has failed to provide the Court with any evidence establishing that Petitioner reasonably believed he would be convicted only on the first-degree home invasion charge and sentenced without consideration of his fourth felony habitual offender status.  Accordingly, Petitioner is not entitled to habeas relief on his claim. *McAdoo,* 365 F. 3d at 497.  To the extent that Petitioner claims that he understood the plea agreement to guarantee him conviction on only the first-degree home invasion charge, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v.*

6

*Perini*, 818 F. 2d 554, 558-559 (6th Cir. 1987).

## IV.  Conclusion

The Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because jurists of reason would not find this Court's resolution of his claims to be debatable. *See Strayhorn v. Booker*, 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010).  The Court also denies Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V.  ORDER

7

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that the Court DENIES Petitioner a certificate of appealability.

IT IS FURTHER ORDERED that the Court DENIES Petitioner leave to appeal *in forma pauperis.*

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
Dated: June 12, 2014                    UNITED STATES DISTRICT JUDGE

8